DAVID A. YUDELSON (SBN 325316)
dyudelson@constangy.com
ROB YANG (SBN 312964)
ryang@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 310.909.7775

*Attorneys for Defendants AIOS, INC., d/b/a FELLA HEALTH and d/b/a DELILAH and FELLA MEDICAL GROUP, P.A.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HARVEY BRENNEISE, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

AIOS, INC., d/b/a FELLA HEALTH *and* d/b/a DELILAH *and* FELLA MEDICAL GROUP, P.A.,

Defendants.

Case No. 3:25-CV-09779-AMO

**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Date Filed: November 13, 2025
Trial Date: None

Defendants AIOS, INC., d/b/a FELLA HEALTH and d/b/a DELILAH ("Aios") and FELLA MEDICAL GROUP, P.A. ("Fella Medical") (together, "Defendants"), by and through undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure ("FRCP"), hereby answers the Class Action Complaint ("Complaint") of Plaintiff HARVEY BRENNEISE ("Plaintiff").

Defendants have adopted the headings from the Complaint for ease of reference only and deny any allegation or characterization in them.

## GENERAL DENIAL

To the extent permitted under FRCP 8(b)(3), Defendants enter a general denial of all allegations contained in Plaintiff's Complaint unless specifically admitted in this Answer. For ease of reference only, Defendants will use the same headings as the Complaint, but otherwise deny any factual implications or arguments contained in the headings of the Complaint.

## NATURE OF THE ACTION

1. Defendants admit Plaintiff purports to assert claims alleging that Defendant's use of standard website analytics constitutes "improper, unauthorized, and illegal" disclosure of users' information. Defendants deny any remaining allegations in Paragraph 1 of the Complaint. By way of further response, Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought in the Complaint.

2. Defendants admit Aios operates the websites located at fellahealth.com and joindelilah.com (the "Websites"). Defendants admit the Websites are telehealth platforms offering weight loss services. Defendants deny any remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit Fella Medical is a Florida professional corporation that provides medical services, including telehealth consultations and prescription services, to users of the Websites. Defendants deny any remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that they collect certain user information in connection with providing telehealth services and that they take steps to protect the privacy of user information. Defendants deny any remaining allegations in Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 constitute conclusions of law, to which no response is required. Defendants state that the Fella Notice of Privacy Practices speaks for itself. Any attempt by Plaintiff to characterize or interpret the notice is denied along with any remaining allegations in Paragraph 6 of the Complaint.

7. Denied.

8. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore, deny the same.

9. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, deny the same.

10. The allegations of Paragraph 10 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 12 of the Complaint.

**PARTIES**

13. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore, deny the same.

14. Defendants admit that Aios is a corporation incorporated in Delaware and headquartered in San Francisco, California. Defendants admit that Aios operates the Websites. Defendants deny any remaining allegations in Paragraph 14 of the Complaint.

15. Defendants admit that Fella Health is a Florida professional corporation. Defendants admit that Fella Medical provides medical services, including telehealth consultations. Defendants deny any remaining allegations in Paragraph 15 of the Complaint.

**JURISDICTION & VENUE**

16. The allegations of Paragraph 16 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants do not contest that this Court has subject matter jurisdiction over this action.

17. The allegations of Paragraph 17 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that personal jurisdiction exists

in this District. Defendants deny any remaining allegations in Paragraph 17 of the Complaint.

18. The allegations of Paragraph 18 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants do not contest that venue is proper in this District.

## FACTUAL ALLEGATIONS

### I. GLP-1 USERS ARE PARTICULARLY LIKELY TO BE SUBJECTED TO DATA TRACKING

19. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore, deny the same.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore, deny the same.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore, deny the same.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore, deny the same.

23. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore, deny the same.

24. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint, and therefore, deny the same.

25. Defendants admit only that the FTC has published information targeted to businesses related to data privacy related settlements. To the extent Plaintiff characterizes or interprets any FTC publication, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

26. Defendants admit only that the FTC has published information targeted to businesses related to data privacy practices. To the extent Plaintiff characterizes or interprets any FTC publication, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

27. Defendants admit only that the HHS has published information targeted to

businesses related to data privacy practices. To the extent Plaintiff characterizes or interprets any FTC publication, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

28. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore, deny the same.

## II. PLAINTIFF'S AND CLASS MEMBERS' PRIVATE INFORMATION IS EXTREMELY VALUABLE

29. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore, deny the same.

30. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore, deny the same.

31. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint, and therefore, deny the same.

32. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore, deny the same.

33. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint, and therefore, deny the same.

34. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint, and therefore, deny the same.

35. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint, and therefore, deny the same.

## III. USER'S SENSETIVE INFORMATION, INCLUDING MEDICAL DATA, IS SOLICITED BY AND DIVULGED TO DEFENDANTS THROUGH THEIR WEBSITE

### A. Background on Tracking Tools Used on the Website

36. Admitted.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint, and therefore, deny the same.

38. Admitted.

39. Defendants admit that the Websites offer online consultations with healthcare providers, prescription weight loss medications, weight management support, and personalized treatment plans. Defendants deny any remaining allegations in Paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint, and therefore, deny the same.

41. Defendants admit that the Websites serve users in the telehealth weight loss market. Defendants deny any remaining allegations in Paragraph 41 of the Complaint.

42. Defendants admit that they market the Websites as providing personalized weight loss solutions. Defendants deny any remaining allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint as stated. Defendants aver that the Websites' onboarding processes are designed to collect relevant information to facilitate appropriate healthcare services and comply with applicable law. Defendants deny any remaining allegations in Paragraph 43 of the Complaint.

44. Defendants admit that the Websites use certain analytics and tracking technologies. Defendants deny any remaining allegations in Paragraph 44 of the Complaint.

***i. Background on Twitter's Web Tracking Activities.***

45. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint, and therefore, deny the same.

46. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46 of the Complaint, and therefore, deny the same.

47. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint, and therefore, deny the same.

48. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint, and therefore, deny the same.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint, and therefore, deny the same.

50. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint, and therefore, deny the same.

51. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint, and therefore, deny the same.

52. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint, and therefore, deny the same.

53. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint, and therefore, deny the same.

54. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint, and therefore, deny the same.

55. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint, and therefore, deny the same.

56. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint, and therefore, deny the same.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint, and therefore, deny the same.

58. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 58 of the Complaint, and therefore, deny the same.

59. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint, and therefore, deny the same.

60. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint, and therefore, deny the same.

61. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint, and therefore, deny the same.

62. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint, and therefore, deny the same.

63. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint, and therefore, deny the same.

64. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint, and therefore, deny the same.

65. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint, and therefore, deny the same.

66. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint, and therefore, deny the same.

67. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint, and therefore, deny the same.

68. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint, and therefore, deny the same.

69. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 of the Complaint, and therefore, deny the same.

70. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint, and therefore, deny the same.

71. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint, and therefore, deny the same.

72. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 72 of the Complaint, and therefore, deny the same.

73. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 73 of the Complaint, and therefore, deny the same.

74. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 74 of the Complaint, and therefore, deny the same.

75. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 75 of the Complaint, and therefore, deny the same.

76. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 76 of the Complaint, and therefore, deny the same.

77. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 77 of the Complaint, and therefore, deny the same.

78. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 78 of the Complaint, and therefore, deny the same.

### *ii. Background on Quora's Web Tracking Activities.*

79. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 79 of the Complaint, and therefore, deny the same.

80. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 80 of the Complaint, and therefore, deny the same.

81. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 81 of the Complaint, and therefore, deny the same.

82. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint, and therefore, deny the same.

83. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 83 of the Complaint, and therefore, deny the same.

84. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 84 of the Complaint, and therefore, deny the same.

85. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 85 of the Complaint, and therefore, deny the same.

86. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 86 of the Complaint, and therefore, deny the same.

87. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 87 of the Complaint, and therefore, deny the same.

88. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 88 of the Complaint, and therefore, deny the same.

89. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 89 of the Complaint, and therefore, deny the same.

90. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 90 of the Complaint, and therefore, deny the same.

91. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 91 of the Complaint, and therefore, deny the same.

92. Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 92 of the Complaint, and therefore, deny the same.

93. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 93 of the Complaint, and therefore, deny the same.

94. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 94 of the Complaint, and therefore, deny the same.

95. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 95 of the Complaint, and therefore, deny the same.

96. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 of the Complaint, and therefore, deny the same.

97. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 97 of the Complaint, and therefore, deny the same.

98. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 98 of the Complaint, and therefore, deny the same.

99. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 99 of the Complaint, and therefore, deny the same.

100. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint, and therefore, deny the same.

101. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 101 of the Complaint, and therefore, deny the same.

102. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 102 of the Complaint, and therefore, deny the same.

103. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 103 of the Complaint, and therefore, deny the same.

104. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 104 of the Complaint, and therefore, deny the same.

## IV. WEBSITE USER'S PRIVATE INFORMATION IS INTERCEPTED BY THE TRACKING TOOLS IN THE WEBSITES WITHOUT USERS' CONSENT

105. Defendants admit that they own and maintain the Websites and made decisions

regarding the installation of analytics and advertising technologies on the Websites. Defendants deny any remaining allegations in Paragraph 105 of the Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Complaint as stated. Defendants admit that the Websites use certain analytics tools. Defendants deny any remaining allegations in Paragraph 106 of the Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Complaint as stated. Defendants aver that the Websites' privacy policy and terms of use are publicly available and accessible to users. Defendants deny any remaining allegations in Paragraph 107 of the Complaint.

108. Defendants state that the screenshot speaks for itself. Any attempt by Plaintiff to characterize or interpret the screenshot is denied along with any remaining allegations in paragraph 108 of the Complaint.

109. Defendants state that the screenshot speaks for itself. Any attempt by Plaintiff to characterize or interpret the screenshot is denied along with any remaining allegations in paragraph 109 of the Complaint.

110. Defendants state that the screenshots speak for themselves. Any attempt by Plaintiff to characterize or interpret the screenshot is denied along with any remaining allegations in paragraph 110 of the Complaint.

111. Defendants admit that users provide contact information including email address as part of the onboarding process. Defendants deny any remaining allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint as stated. Defendants aver that any data transmitted as part of standard analytics operations was transmitted in accordance with applicable law. Defendants deny any remaining allegations in Paragraph 112 of the Complaint.

113. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 113 of the Complaint, and therefore, deny the same.

114. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 114 of the Complaint, and therefore, deny the same.

115. Denied.

116. Denied.

117. Denied.

**REPRESENTATIVE PLAINTIFF'S EXPERIENCE**

118. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 118 of the Complaint, and therefore, deny the same.

119. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 119 of the Complaint, and therefore, deny the same.

120. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 120 of the Complaint, and therefore, deny the same.

121. Defendants deny the allegations in Paragraph 121 of the Complaint as stated. Defendants aver that any data associated with Plaintiff's Website visit was processed in accordance with applicable law. Defendants deny any remaining allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint as stated. Defendants aver that their privacy policy, which discloses data practices including the use of analytics and advertising technologies, is publicly available on the Websites. Defendants deny any remaining allegations in Paragraph 122 of the Complaint.

123. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 123 of the Complaint, and therefore, deny the same.

124. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 124 of the Complaint, and therefore, deny the same.

125. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 125 of the Complaint, and therefore, deny the same.

126. The allegations of Paragraph 126 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 126 of the Complaint.

**CLASS ACTION ALLEGATIONS**

127. Defendants only admit that Plaintiff seeks to assert claims against Defendants on his

own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

128. The allegations of Paragraph 128 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 128 of the Complaint.

129. The allegations of Paragraph 129 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 129 of the Complaint.

130. The allegations of Paragraph 130 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 130 of the Complaint.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT
### Cal. Penal Code § 631, *et seq.*
### (On Behalf of Plaintiff Brenneise & the Nationwide Class)

138. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

139. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further

deny that Plaintiff has defined an ascertainable class. Further, the provisions of the California Penal Code speak for themselves. To the extent Plaintiff characterizes or interprets the California Penal Code, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

140. The allegations of Paragraph 140 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 140 of the Complaint.

141. The allegations of Paragraph 141 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 141 of the Complaint.

142. The allegations of Paragraph 142 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 142 of the Complaint.

143. The allegations of Paragraph 143 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 143 of the Complaint.

144. The allegations of Paragraph 144 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 144 of the Complaint.

145. The allegations of Paragraph 145 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 145 of the Complaint.

146. The allegations of Paragraph 146 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 146 of the Complaint.

147. The allegations of Paragraph 147 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 147 of the Complaint.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT**
**Cal. Penal Code § 632, *et seq*.**
**(<u>On Behalf of Plaintiff Brenneise & the Nationwide Class</u>)**

148. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

149. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

150. The provisions of the California Penal Code speak for themselves. To the extent Plaintiff characterizes or interprets the California Penal Code, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

151. The provisions of the California Penal Code speak for themselves. To the extent Plaintiff characterizes or interprets the California Penal Code, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

152. The allegations of Paragraph 152 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 152 of the Complaint.

153. The allegations of Paragraph 153 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 153 of the Complaint.

154. The allegations of Paragraph 154 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 154 of the Complaint.

155. The allegations of Paragraph 155 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any

allegations in Paragraph 155 of the Complaint.

156. The allegations of Paragraph 156 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 156 of the Complaint.

157. The allegations of Paragraph 157 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 157 of the Complaint.

158. The allegations of Paragraph 158 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 158 of the Complaint.

159. The allegations of Paragraph 159 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 159 of the Complaint.

160. The allegations of Paragraph 160 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 160 of the Complaint.

161. The allegations of Paragraph 161 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 161 of the Complaint.

162. The allegations of Paragraph 162 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 162 of the Complaint.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT**
**18 U.S.C. § 2510, *et seq*.**
**(On Behalf of Plaintiff Brenneise & the Nationwide Class)**

163. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

164. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant

on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

165. The allegations of Paragraph 165 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 165 of the Complaint.

166. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

167. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

168. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

169. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

170. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

171. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

172. The allegations of Paragraph 172 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 172 of the Complaint.

173. The allegations of Paragraph 173 constitute conclusions of law, to which no

response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 173 of the Complaint.

174. The allegations of Paragraph 174 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 174 of the Complaint.

175. The allegations of Paragraph 175 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 175 of the Complaint.

176. The allegations of Paragraph 176 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 176 of the Complaint.

177. The allegations of Paragraph 177 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 177 of the Complaint.

178. The allegations of Paragraph 178 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 178 of the Complaint.

179. The allegations of Paragraph 179 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 179 of the Complaint.

180. The allegations of Paragraph 180 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 180 of the Complaint.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE WASHINGTON PRIVACY ACT**
**RCW 9.73.030, *et seq.***
**(On Behalf of Plaintiff Brenneise & the Washington Subclass)**

181. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

182. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

183. The provisions of the Washington Privacy Act speak for themselves. To the extent Plaintiff characterizes or interprets the Washington Privacy Act, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

184. The provisions of the Washington Privacy Act speak for themselves. To the extent Plaintiff characterizes or interprets the Washington Privacy Act, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

185. The provisions of the Washington Privacy Act speak for themselves. To the extent Plaintiff characterizes or interprets the Washington Privacy Act, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

186. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 186 of the Complaint, and therefore, deny the same.

187. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 187 of the Complaint, and therefore, deny the same.

188. The allegations of Paragraph 188 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 188 of the Complaint.

189. The allegations of Paragraph 189 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 189 of the Complaint.

190. The allegations of Paragraph 190 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any

allegations in Paragraph 190 of the Complaint.

191. The allegations of Paragraph 191 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 191 of the Complaint.

192. The allegations of Paragraph 192 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 192 of the Complaint.

193. The allegations of Paragraph 193 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 193 of the Complaint.

194. The allegations of Paragraph 194 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 194 of the Complaint.

195. The allegations of Paragraph 195 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 195 of the Complaint.

196. The allegations of Paragraph 196 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 196 of the Complaint.

197. The allegations of Paragraph 197 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 197 of the Complaint.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE MY HEALTH, MY DATA ACT**
**RCW 79.373, *et seq*.**
**(<u>On Behalf of Plaintiff Brenneise & the Washington Subclass</u>)**

198. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

199. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant

on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

200. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

201. The provisions of the MHMDA speak for themselves. To the extent Plaintiff characterizes or interprets the MHMDA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

202. The allegations of Paragraph 202 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 202 of the Complaint.

203. The allegations of Paragraph 203 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 203 of the Complaint.

204. The provisions of the MHMDA speak for themselves. To the extent Plaintiff characterizes or interprets the MHMDA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

205. The provisions of the MHMDA speak for themselves. To the extent Plaintiff characterizes or interprets the MHMDA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

206. The provisions of the MHMDA speak for themselves. To the extent Plaintiff characterizes or interprets the MHMDA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

207. The allegations of Paragraph 207 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 207 of the Complaint.

208. The allegations of Paragraph 208 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 208 of the Complaint.

209. The allegations of Paragraph 209 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 209 of the Complaint.

210. The allegations of Paragraph 210 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 210 of the Complaint.

211. The allegations of Paragraph 211 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 211 of the Complaint.

212. The allegations of Paragraph 212 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 212 of the Complaint.

213. The allegations of Paragraph 213 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 213 of the Complaint.

214. The provisions of the MHMDA speak for themselves. To the extent Plaintiff characterizes or interprets the MHMDA, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

215. The allegations of Paragraph 215 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 215 of the Complaint.

**SIXTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff Brenneise & the Nationwide Class)**

216. Defendants incorporate by reference their responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

217. Defendants only admit that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendants or that Plaintiff is entitled to any of the relief sought. Defendants further deny that Plaintiff has defined an ascertainable class.

218. The allegations of Paragraph 218 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 218 of the Complaint.

219. The allegations of Paragraph 219 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 219 of the Complaint.

220. The allegations of Paragraph 220 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 220 of the Complaint.

221. The allegations of Paragraph 221 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 221 of the Complaint.

222. The allegations of Paragraph 222 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 222 of the Complaint.

223. The allegations of Paragraph 223 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 223 of the Complaint.

224. The allegations of Paragraph 224 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 224 of the Complaint.

225. The allegations of Paragraph 225 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 225 of the Complaint.

226. The allegations of Paragraph 226 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 226 of the Complaint.

227. The allegations of Paragraph 227 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 227 of the Complaint.

228. The allegations of Paragraph 228 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 228 of the Complaint.

229. The allegations of Paragraph 229 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendants deny any allegations in Paragraph 229 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff, on behalf of himself and each member of the Putative Class, are entitled to any of the relief requested in Paragraphs A–H, including all subparts, of the Prayer for Relief contained in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendants assert the following affirmative defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendants allege that Plaintiff and the putative class lack standing to assert the claims alleged.

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Acts)**

Plaintiff's alleged damages, if any, resulted from Plaintiff's failure to exercise ordinary care, caution, or prudence on his own behalf, which reduces any damages proximately caused by Plaintiff's own acts or failure to act.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

Defendants alleges that Plaintiff has failed to join all parties required for the Court to award complete relief, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

The alleged conduct complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiff through his actions, omissions, and course of conduct, in that Plaintiff was knowledgeable of the facts and policies concerning his use of the Websites.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

To the extent that Plaintiff acted with unreasonably delay in bringing his claims, he is barred from recovery under this Complaint and any cause of action thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutory Penalties Unavailable)**

Plaintiff is not entitled to statutory penalties as Defendants has no legal basis for statutory penalties.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

Plaintiff was knowledgeable of the facts and policies concerning The Websites. Defendants relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff was knowledgeable of the facts and policies concerning his use of The Websites. Defendants relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

The Complaint is barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendants or its agents or employees.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed and neglected to mitigate his damages if any so as to reduce and/or diminish her claim.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

To the extent that the Complaint and any of the causes of action alleged therein are premised upon conduct that occurred prior to the applicable statute of limitations, the Complaint and any cause of action alleged therein are barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Damages)**

Plaintiff's claims for statutory penalties violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the statutory and/or civil penalties claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of statutory and/or civil penalties would constitute an arbitrary and capricious taking of Defendants' property which is unjustified by any rational governmental interest; and/or (c) the statutes are unconstitutionally vague, unenforceable or unjustifiably arbitrary.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Legal Remedy)**

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete legal remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in this dispute.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

Defendants alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Willfulness / Good Faith)**

Plaintiff's claims for enhanced, statutory, or punitive damages are barred because Defendants acted in good faith and in reliance on industry-standard analytics practices and applicable law. Defendants did not engage in willful, intentional, or reckless conduct as required to support enhanced damages under applicable law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Plaintiff's claims are barred, in whole or in part, because any alleged acts or omissions were performed by independent third-parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

To the extent that Plaintiff comes to this Court with unclean hands, he is barred from recovery under this Complaint, or any cause of action thereof.

///

///

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiff was knowledgeable of the facts and policies concerning Defendants' website, and Plaintiff assumed the risk. The Complaint and the causes of action alleged therein are therefore barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Rule 23 Requirements)**

This action may not properly be maintained as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or 23(b). The putative class and subclass lack numerosity, commonality, typicality, and adequacy of representation. Individual questions of fact and law — including consent, notice, individual browsing history, and the nature of information transmitted for each putative class member — predominate over any common questions. A class action is not superior to other available methods of adjudicating the controversy.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Typicality and Adequacy)**

Plaintiff's claims on behalf of the Washington Subclass are barred, in whole or in part, because Plaintiff's claims and circumstances are not typical of the subclass members he purports to represent

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(HIPAA Preemption)**

To the extent any state law claims seek to impose obligations on Defendants that are contrary to or more stringent than HIPAA's preemptive requirements, such claims are preempted by federal law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiff and putative class members' claims for relief are barred, in whole or in part, by the doctrine of res judicata to the extent any such claims have been previously adjudicated.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

Plaintiff and putative class members' claims for relief are barred, in whole or in part, by the doctrine of collateral estoppel to the extent any issues raised in this action have been previously litigated and decided.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer and to assert additional affirmative defenses that may become known during the course of discovery or further proceedings in this action, including but not limited to the defense of after-acquired evidence. The assertion of any defense herein is not intended as, and shall not be construed as, a waiver of any other defense available to Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

- Dismiss the Complaint in its entirety with prejudice;
- Deny certification of any class or subclass;
- Enter judgment in favor of Defendants on all claims;
- Award Defendants their costs of suit and attorneys' fees to the extent permitted by law; and
- Grant Defendants such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: March 12, 2026

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ David A. Yudelson*
David A. Yudelson
Rob Yang
*Attorneys for Defendants*
*AIOS, INC., d/b/a FELLA HEALTH and d/b/a DELILAH and FELLA MEDICAL GROUP, P.A.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document has been served electronically on the party below on March 12, 2026.

Victor J. Sandoval
**ALMEIDA LAW GROUP LLC**
111 W. Ocean Blvd Suite 426
Long Beach, California 90802
victor@almeidalawgroup.com

Matthew J. Langley
David S. Almeida
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
matt@almeidalawgroup.com
david@almeidalawgroup.com

*/s/ David A. Yudelson*
David A. Yudelson